**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-09-1363-PHX-NVW (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Michael Jared Yanni, | ) | |
| Defendant. | ) | |

This matter has been under advisement pending submission and review of the parties' briefing concerning whether a defendant who tenders a guilty plea before a District of Arizona magistrate judge, resulting in a recommendation that the assigned district judge accept the guilty plea, has been "found guilty" for purposes of Title 18 U.S.C. § 3143. As discussed below, the Court finds that Defendant has not been found guilty for purposes of § 3143.

**I. Background**

On October 27, 2009, a grand jury indicted Defendant for eight counts of bank robbery. (Doc. 5) The initial Pretrial Services' ("PTS") report indicated that Defendant should be detained. (Doc. 8) During the arraignment and detention hearing, Magistrate Judge Michelle H. Burns ordered Defendant be screened for placement in Recovery Homes, Inc., a Mesa, Arizona residential drug and alcohol treatment facility, and that a supplemental PTS' report be prepared. (Doc. 9)  After the additional report was prepared,

1  on November 24, 2009, Magistrate Judge Burns released Defendant, with conditions, to
2  Recovery Homes. (Doc. 15)
3        Thereafter, Defendant agreed to plead guilty pursuant to a plea agreement.
4  A change of plea proceeding was scheduled before the undersigned Magistrate Judge on
5  August 11, 2010. (Doc. 29) On that date, the undersigned Magistrate Judge and counsel
6  discussed whether Defendant should be taken into custody at the change of plea proceed-
7  ing. Defense counsel argued that when a defendant pleads guilty before a District of
8  Arizona magistrate judge, that defendant has not been "found guilty" for purposes of
9  triggering Title 18 U.S.C. § 3143(a)(2)'s detention mandate. (Doc. 30)
10       The undersigned continued the August 11, 2010 change of plea proceeding
11 to August 16, 2010 to permit Defendant to brief whether a plea allocution taken before a
12 magistrate judge resulting in a recommendation that the assigned district judge should
13 accept the guilty plea is a finding a guilt for purposes of § 3143. (Doc. 30) On August
14 16, 2010, Defendant appeared before the undersigned for a change of plea proceeding.
15 (Doc. 34) Before his change of pleas, Defendant signed a consent form "voluntarily
16 consent[ing] to go forward with [his] plea[s] of guilty before the United States Magistrate
17 Judge." (Doc. 33) Pursuant to the plea agreement, Defendant pled guilty to Counts 1, 4, 6
18 and 7 of the indictment, all separate bank robberies. (Doc. 34) The plea agreement
19 stipulates to a prison sentence of "no less than the low end and no greater than the high
20 end of the guideline range." (Doc. 35 at 2) The undersigned Magistrate Judge conducted a
21 plea colloquy pursuant to Fed.R.Crim.P. 11 and found that Defendant understood the
22 nature of the charges against him, the elements of the offenses to which he was pleading
23 guilty, the rights Defendant was foregoing by pleading guilty, and the maximum possible
24 sentence for each count. (Doc. 36) The undersigned found Defendant knowingly and
25 voluntarily entered his pleas of guilty and that there was a factual basis for each guilty
26 plea. (Doc. 36 at 2) The undersigned recommended that the assigned District Judge, the
27 Honorable Neil V. Wake, accept Defendant's guilty pleas. (*Id.*) At the conclusion of the
28 proceeding, Defendant was remanded into custody, pending briefing and the issuance of

this order. Defendant's sentencing is scheduled for October 18, 2010 before Judge Wake.

Before the change of plea hearing, Defendant filed a Memorandum in Support of Request to Remain Out of Custody after He Pleads Guilty. (Doc. 32) Defendant argues that Title 18 U.S.C. § 3143(a)(2), which requires immediate detention of a "person who has been found guilty of an offense [that is a crime of violence or other qualifying felony] and is awaiting imposition or execution of [a prison] sentence. . .", does not apply when a defendant pleads guilty before a magistrate judge. The undersigned granted the Government until August 20, 2010 to file a response to Defendant's Memorandum, and permitted Defendant until August 26, 2010 to file a reply. (Doc. 34) The parties have now filed briefing addressing whether a guilty plea allocution taken before a magistrate judge resulting in a recommendation that the assigned district judge accept the guilty plea is a finding of guilt for purposes of § 3143.

**II. Analysis**

Certainly not a model of clarity, Title 18 U.S.C. § 3143(b)(2) provides that "[t]he judicial officer shall order that a person who has *been found guilty* of an offense [that is a crime of violence or other qualifying felony] and is awaiting imposition or execution of [a prison] sentence be detained . . . ." *Id*. (emphasis added) Although there is a statutory exception for "extraordinary reasons" to § 3143(b)(2)'s detention mandate,[1] Defendant does not argue this exception applies, doc. 32 at 2, and he acknowledges that bank robbery is a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4) (A), doc. 38 at 1. *See also, United States v. Arnett*, 2006 WL 2038531, * 4 (E.D.Cal. 2006) (holding "that persons convicted of robbing a bank 'by force and violence' or 'intimidation under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1.")). Defendant argues, however, that § 3143(a)(2) does not

---

[1] See, 18 U.S.C. § 3145(c); *United States v. Garcia*, 340 F.3d 1013, 1014 n. 1 (9th Cir. 2003); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991); *United States v. Miller*, 568 F.Supp.2d 764, 774 (E.D. Ky. 2008); *United States v. Devinna*, 5 F.Supp.2d 872, 873 (E.D.Cal. 1998).

apply to him because he pled guilty before a magistrate judge, instead of a district judge, and thus has not "been found guilty" because his guilty plea cannot be accepted by a magistrate judge and will only take full effect after the district court accepts the guilty pleas.

Defendant advises that the Ninth Circuit has not directly addressed this issue. The Court's own research confirms that assertion. In view of the lack of controlling Ninth Circuit authority, both Defendant and the Government cite several cases from within the Fourth Circuit. Defendant argues that those cases are not applicable in this District because the Ninth Circuit has rejected the legal premise upon which those cases are based. The Government argues that this Court should follow the case law from the Fourth Circuit. The Court will discuss those and other cases, and the parties' arguments, below.

Several district courts within the Fourth Circuit have held that a guilty plea before a magistrate judge triggers § 3143(a)(2)'s detention mandate. *United States v. Moffitt*, 527 F.Supp. 2d 474, 477-478 (W.D.N.C. 2006); *United States v. Benton*, 523 F.3d 424 (4th Cir. 2008); *United States v. Breedlove*, 2001 WL 401307 (4th Cir. 2001) (unpublished). However, in all but the unpublished decision, *Breedlove*, the magistrate judge not only conducted the plea colloquy, but also accepted the defendant's guilty plea, a practice not followed in the District of Arizona. LRCrim.P. 57.6(d)(25) (discussing procedure for Arizona magistrate judges to follow in taking a felony guilty plea). Indeed, the Fourth Circuit has found that it is not clear error for a magistrate judge to accept a guilty plea because accepting a plea is considered an "additional duty" within the meaning of 28 U.S.C. § 636(b)(3). *United States v. Benton*, 523 F.3d 424, 431-432 (4th Cir. 2008).

For example, in *Moffitt*, defendant pled guilty before a magistrate judge to one count of possession of a firearm in violation of 18 U.S.C. § 922(b)(1). *Moffitt*, 527 F.Supp.2d at 480. The court found that the crime qualified as a "crime of violence." *Id.* at 476. The court next considered whether the acceptance of the guilty plea by a magistrate judge satisfied the "found guilty" requirement of 18 U.S.C. § 3143. *Moffitt*, 527 F.Supp.

2d at 476. In concluding that a defendant had been "found guilty" and must be detained after pleading guilty before a magistrate judge, the *Moffitt* court cited three cases. First, the court noted that in *Breedlove*, the Fourth Circuit found that a magistrate judge's recommendation to accept a guilty plea was binding and, therefore, it follows that a magistrate judge's acceptance of a guilty plea was also binding. *Id*. The *Moffitt* court also cited two other District of North Carolina cases that have followed *Breedlove*. In *United State v. Horne*, 3:04-CR-213 (W.D.N.C. 2005), the court found that a defendant must be detained pursuant to 18 U.S.C. § 3143 after pleading before a magistrate judge because the plea was *accepted* and binding.

Defendant argues that the Fourth Circuit cases are not applicable in this circuit because the Ninth Circuit has rejected the premise that a guilty plea before a magistrate judge is binding. The Court agrees that the Fourth Circuit cases are not applicable to this case because the Ninth Circuit has held that a guilty plea tendered to a magistrate judge is not binding until accepted by the district court. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). As the Government notes, the central issue in *Reyna-Tapia* was whether the district judge abused his discretion in denying defendant's motion to withdraw his guilty plea - which was tendered to a magistrate judge - after it had been accepted by a district judge. The court found that the district judge did not abuse its discretion in denying the defendant's motion to withdraw because the defendant failed to show a fair and just reason for withdrawal. *Id*. at 1117. In reaching this conclusion, the Ninth Circuit decided that under the catch-all provision of the Federal Magistrates Act ("the Act"), authorizing assignment of additional duties to magistrate judges, a magistrate judge may properly administer a plea colloquy on a felony or Class A misdemeanor, with the consent of the defendant and prosecution, because a plea colloquy bears some relation to the other duties that magistrate judges are specifically authorized by the Act to perform. *Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003)*; See also Gonzalez v. United States*, 533 U.S. 242 (2008) (stating that express consent by defense counsel suffices to permit a United States magistrate judge to preside over jury selection in

felony trial). The *Reyna-Tapia* court further noted that several procedural safeguards supported its ruling. *Id*. at 1121. Significantly, one such safeguard is the defendant's "absolute right to withdraw from guilty pleas taken by magistrate judges at any time before they are accepted by the district [judge]." *Id*. (citing *United States v. Alvarez-Tautimez*, 160 F.3d 573, 576 (9th Cir. 1998); *United States v. Washman*, 66 F.3d 210, 212-213 (9th Cir. 1995)). *Reyna-Tapia's* discussion of a defendant's absolute right to withdraw from a guilty plea tendered before a magistrate judge before a district judge has accepted the plea, suggests that a defendant who tenders a guilty plea before a magistrate judge has not been "found guilty" for purposes of § 3143.

Although the Ninth Circuit has not specifically defined the terms "found guilty" as used in § 3143 or discussed whether § 3143(a)(2)'s detention mandate attaches after a defendant tenders a guilty plea before a magistrate judge, the Court must consider Ninth Circuit case law holding that a tendered guilty plea that meets the requirements of Federal Rule of Criminal Procedure 11 is effectively the same as a guilty plea that has been accepted. *In re Vasquez-Ramirez*, 443 F.3d 692, 697 (9th Cir. 2006). Citing *Vasquez-Ramirez*, the Ninth Circuit in *Garcia-Aguilar v. United States District Court for the Southern District of California*, 535 F.3d 1021 (9th Cir. 2008) found that, "[b]ecause the plea colloquies [before the magistrate judge] were not defective, the district [judge] was required to accept defendants' guilty pleas." *Id*. at 1025.

*Garcia-Aguilar* concerned three immigration cases in which the defendants pled guilty to illegal reentry after having been previously removed from this country. 535 F.3d at 1023. In each case, a magistrate judge conducted the plea colloquy required by Federal Rule of Criminal Procedure 11(b) and recommended that a district judge accept the plea. *Id*. When the cases came before the district judges, however, the Government argued that the magistrate judges had erred in conducting the Rule 11(b) colloquies by advising the defendants that they faced potential sentences of twenty years, when only a two-year maximum sentence was available under the original indictments. *Id*. at 1023-24. In the meantime, the Government had arraigned the defendants on superseding indictments

- 6 -

that charged them with having previously been removed after conviction of a felony. *Id*. This additional allegation increased the defendants' sentencing exposure to twenty years. *Id*. at 1024. The Ninth Circuit in *Garcia-Aguilar* held that the plea colloquies conducted before the magistrate judges were not defective and that the district judges were therefore required to accept the defendants' original guilty pleas, notwithstanding the superseding indictments. *Id*. at 1025 ("[T]he government has no power to void a knowing, voluntary and unconditional guilty plea so that it can fix its charging error.").

While the Ninth Circuit's decision in *Garcia-Aguilar* equates a Rule 11 compliant plea colloquy with an accepted plea, it does not appear that the Ninth Circuit intended to equate a Rule 11 compliant plea colloquy with a finding of guilt. Indeed, the Ninth Circuit stated that "Defendants' pleas *may not have taken final legal effect* at [the moment they pled guilty before the magistrate judges], as defendants remained free to withdraw their pleas." 535 F.3d at 1021 (emphasis added) (citing *Alvarez-Tautimez*, 160 F.3d at 576) (until a guilty plea is formally accepted by a district judge, the defendant remains free to withdraw it for any reason))." The Court then discussed the "real-world consequences" - as opposed to the legal consequences - of a guilty plea. "A defendant's guilty plea is a confession, freely and publicly made that he is a criminal. This has immediate and enduring effects on the defendant's standing in the community, and for that reason and many others is often an excruciating experience. . . ." *Id.* at 1026.

In holding that "the district [judges] shall accept defendants' unconditional guilty pleas," the Ninth Circuit noted that defendants had shown "clear error by the district [judges] that 'manifests a persistent disregard' of both Rule 11(b) and [the Ninth Circuit's] holding in *Vasquez-Ramirez*." *Id*. at 1021. Rather than determining whether a defendant who tenders a Rule 11 compliant guilty plea to a magistrate judge has been "found guilty," *Garcia-Aguilar* clarifies that the district judge has very limited discretion - or perhaps no discretion - to reject a Rule 11 compliant guilty plea that has been tendered before a magistrate judge.

Thus, the undersigned must still consider whether a defendant who has

- 7 -

1 tendered his guilty plea before a magistrate judge has been "found guilty" for purposes of
2 18 U.S.C. § 3143. "Terms applied to various steps in the criminal process do not always
3 have the same meaning." *United States v. Bloomer*, 967 F.2d 761 (2nd Cir. 1992). Rather,
4 terms' meanings vary depending on the source of law in which the term is used. *Id*. "The
5 Supreme Court has recognized, for example, that the terms 'convicted' and 'conviction'
6 sometimes refer to a person whose guilty plea has been accepted . . . and sometimes refer
7 to a person against whom a formal judgment has been entered." *Id.* (internal citations
8 omitted) (citing *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 112 n. 6, 113 n. 7
9 (1983)).

10 In 1966, Congress first made special provisions for release conditions for
11 those waiting sentencing. Bail Reform Act of 1966, Pub.L. No. 89-465, § 3(a), 80 Stat.
12 214, 215. The relevant provision, codified as 18 U.S.C. § 3148, applied to a person "who
13 has been convicted . . . . " 18 U.S.C. § 3148. The Bail Reform Act of 1984 repealed former
14 section 3148 and substituted new provisions, including § 3143(a), concerning release
15 pending sentencing. Section 3143(a) "adopted the terminology, "a person who has been
16 found guilty," instead of the previous formulation, "[a] person . . . who has been convicted
17 of an offense." *United States v. Bloomer*, 967 F.2d 761, 763 (2nd Cir. 1992). The Ninth
18 Circuit has not addressed this change in terminology. However, the Second Circuit has
19 found that "[t]here is no basis for thinking that the change in terminology has any signifi-
20 cance. . . ." *Id.* In *Bloomer*, the Second Circuit held that a defendant has been "found
21 guilty" for purposes of § 3143(a) the moment the jury returns a guilty verdict. Section
22 3143(a)'s applicability is not delayed until the time when the judge imposes sentence or
23 otherwise "adjudicates" the defendant's guilt. 967 F.2d 761 (2d Cir. 1992); 8A Am. Jur.
24 2d Bail and Recognizance § 22 (2010) (citing *Bloomer*, 967 F.2d ). In so finding, the
25 Second Circuit relied on the legislative history for section 3143(a) which uses the termi-
26 nology of the prior law, "a person convicted" to explain the new phrase "a person who has
27 been found guilty." *Bloomer*, 967 F.2d at 763 n. 2 (citing S.Rep. No. 98, 225, 98th Cong.,
28 1st Sess. 26 (1983), *reprinted in* U.S.C.C.A.N. 3182, 3209).

The Court has found no authority suggesting that the phrase "found guilty" in § 3143(a) means something other than convicted. In this case, Defendant has only tendered his pleas of guilty, and the undersigned has recommended that the "pleas of guilty" "be accepted." (Doc. 36) The undersigned did not make a specific finding of guilt, but rather, made a recommendation that Defendant be found guilty and that the assigned District Judge accept the guilty pleas and find Defendant guilty. *United States v. Fisher*, 587 F.Supp.2d 635, 636 (S.D.N.Y. 2008) (noting that § 3143 applies to persons who pled guilty and that "after a defendant has allocuted at a guilty plea, a court must still make "a specific finding . . . that guilt has been established."). Indeed, under current Ninth Circuit law, "[a] magistrate judge can only conduct a Rule 11 plea hearing and issue proposed findings and recommendations to the District Judge who is presiding over the case." *United States v. Tranquilino de Guzman*, 2009 WL 29459, at * 2 (citing 28 U.S.C. § 636(b)(1)); *Reyna-Tapia*, 328 F.3d at 1121). *See also United States v. Norfleet*, 185 F.Supp.2d 315, (S.D.N.Y. 2002) (holding that a felony plea allocution taken before a magistrate judge is not a finding of guilt for purposes of 18 U.S.C. § 3143, but results only in a recommendation that the assigned district judge should accept the plea and then find the defendant guilty of the offense to which a guilty plea has been offered.); Rules of Practice for the U.S. District Court for the District of Arizona, Local Rule of Criminal Procedure 57.6(d)(25) (stating a magistrate judge may "[c]onduct felony guilty plea proceedings pursuant to Rule 11, Federal Rules of Criminal Procedure upon referral of such proceedings by a District Judge with the consent of the parties . . . The magistrate judge shall make findings with respect to the voluntariness of the plea and the defendant's understanding of other matters as required by Rule 11(b) . . . , the presence of a factual basis for the plea, and *shall make a recommendation whether the guilty plea should be accepted by the District Judge*."). LRCrim 57.6(d)(25) (emphasis added).

Although Defendant tendered his guilty pleas to the undersigned, acceptance of his pleas was deferred until reviewed and accepted by the assigned District Judge. Thus, Defendant was not "found guilty" for purposes of § 3143 on August 16, 2010 when he

pled guilty. Although Ninth Circuit authority holds that "the act of 'accepting' a tendered guilty plea is non-discretionary once the Rule 11(b) requirements are met," *In re Vasquez-Ramirez*, 443 F.3d 692, 696 (9th Cir. 2006), Defendant's pleas were not accepted by the undersigned and, therefore, the undersigned concludes that Defendant was not "found guilty" for purposes of 18 U.S.C. § 3143 at that time.

The net effect of the Court's ruling today is that a District of Arizona magistrate judge may not properly take a guilty plea to a crime of violence or other qualifying felony identified in § 3143(b)(2) and place the defendant into immediate custody if the magistrate judge recommends that the plea be accepted at a later time by the assigned district judge. The undersigned is well aware that this result seems inconsistent with the legislative history of § 3143 which recognizes the "release of a criminal defendant into the community after conviction may undermine the deterrent effect of the criminal law." S.Rep.No. 225, 98th Cong., 1st Sess. 26 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3209. Moreover, the continued release of a prison-bound defendant after a guilty plea to a crime of violence or other serious felony to which § 3143(b)(2) applies may place the community at risk if such defendant engages in one last criminal fling before sentencing.

There are several options to remedy the public safety risk where a released defendant who must be sentenced to prison and has admitted his guilt in a plea hearing to a § 3143(b)(2) qualifying felony before a magistrate judge and his guilty plea has not been formally accepted by that magistrate judge. First, the Government could request that the guilty plea proceeding be scheduled before the assigned district judge. Although "this may not be the most efficient use of judicial resources . . . this is [one] way to ensure that a defendant is 'found guilty' for purposes of applying Title 18 U.S.C. § 3143." *Norfleet*, 185 F.Supp.2d at 320. Second, a transcript of the plea hearing could immediately be forwarded to the district judge for review to facilitate a prompt acceptance of the guilty plea. *Id.* This method, however, is more expensive and more time consuming for the overburdened district judges. Third, the Government could negotiate with a defendant to voluntarily consent to revocation of release upon entry of a guilty plea before the magis-

trate judge. *Id.* Finally, it may be time for the Ninth Circuit to consider whether a magistrate judge has the authority to accept a guilty plea as an "additional duty" under 28 U.S.C. § 636(b)(3). At least four other circuit courts have held that a magistrate judge, with the express consent of the defendant and upon the referral by a district judge to do so, may accept a defendant's plea of guilty. *United States v. Benton*, 523 F.3d 424, 431-432 (4th Cir. 2008), *cert. denied*, 129 S.Ct. 490 (2008); *United States v. Montano*, 472 F.3d 1202, 1204 (10th Cir. 2007) ("A [federal] magistrate judge has jurisdiction to conduct a plea hearing and subsequently accept a defendant's plea where the defendant consents."); *United States v. Woodard*, 387 F.3d 1329, 1331-1333 (11th Cir. 2004), *cert. denied*, 129 S.Ct. 490 (2005); *United States v. Williams*, 23 F.3d 629 (2d Cir. 1994) (rejecting defendant's "contention is that the magistrate judge lacked authority to accept his plea and that his conviction must therefore be vacated . . . *provided the defendant consents*.") (emphasis in original)).

### III. Conclusion

In summary, in view of current Ninth Circuit law holding that a magistrate judge may conduct a Rule 11 plea colloquy, *Reyna-Tapia*, 328 F.3d at 1121; that a defendant may, for any reason, withdraw his guilty plea tendered before a magistrate judge prior to its acceptance by the assigned district judge, *id*.; and the legislative history of 18 U.S.C. § 3143 which indicates that "found guilty" has the same meaning as "convicted," this Magistrate Judge finds that Defendant who tendered guilty pleas before the undersigned who then recommended that the assigned District Judge accept the guilty pleas and find Defendant guilty, was not found guilty for purposes of 18 U.S.C. § 3143 at the time of his guilty pleas.

Accordingly, the detention mandate of § 3143(b)(2) did not apply to Defendant until Judge Wake formally accepted, *inter alia*, Defendant's guilty pleas on September 1, 2010, 17 days after Defendant pled guilty. (Doc. 39) Judge Wake's acceptance of Defendant's guilty pleas renders moot Defendant's request for release pending sentencing on October 18, 2010.

In accordance with the foregoing,

**IT IS ORDERED** that Defendant's Memorandum in Support of Request to Remain Out of Custody after He Pleads Guilty, doc. 32, is **DENIED** as moot.

Dated this 2nd day of September, 2010.

Lawrence O. Anderson
United States Magistrate Judge